## LANKTON v. SCOTT.

ERROR from a decree of the Court of Common Pleas, sitting as a court of chancery. An action had been brought by Lankton, against Scott and his wife, for slanderous words, which was submitted to arbitrament.— Scott not being able at that time to justify the words spoken, a sum in damages, and cost, was awarded against him; which he complied with, and executed to Lankton his promissory note, for the sum awarded.—A suit was afterwards commenced on that note; pending which, Scott brought his petition, stating — That since the award was published, and note given, Lankton had been detected in an attempt upon the chastity of one Mrs. Smith; in consequence of which, he confessed, in the presence of several witnesses, that he had been guilty of criminal commerce with one Mrs. Heydon, before the slanderous words complained of, were spoken by Scott's wife; and that neither Scott or his wife had said anything respecting his criminal connection with said Mrs. Heydon, but what was true:. That he had been guilty of great injustice in prosecuting them; and that the ruin of his reputation was deservedly the fruit of his own wicked conduct, and not caused by any evil reports or slander of Scott or his wife.— The petition was, that the note be decreed void.

The respondent took two exceptions, by way of abatement:

Lankton v. Scott.

1. Protesting that the facts alleged in the petition, are matters of scandal, totally unfounded, and only calculated to discredit and abuse the respondent; and therefore, inadmissible in a court of justice.

2. That there were not sufficient facts alleged for the interposition of a Court of Chancery.

The court did not dismiss the petition; but upon an examination of the facts alleged, passed a decree, declaring the note to be null and void.

In assignment of error, four exceptions were taken to this decree:

1. That the petition contained matters of mere scandal, not necessarily connected with the material parts of it; and ought, by law, to have been dismissed.

2. That no facts were alleged sufficient to found any decree upon.

3. That the decree doth not state, that any of the facts alleged were found to be true, but is an arbitrary order, totally unprecedented, and against law.

4. That said court have undertaken to decree a note of hand void, executed for a valuable consideration, upon the most mature deliberation, without any compulsion, mistake, accident, or fraud.

The decree affirmed.

By the whole COURT. As to the first exception — There is, indeed, scandalous matter alleged, and it would have been ground of abatement, had it been unconnected with the merits of the cause; but this is not the case.— The solicitation of Mrs. Smith, the only part of the narrative that creates the doubt, was not, indeed, direct evidence of the criminal conversation with Mrs. Heydon, of which the plaintiff in

error had been before charged; but it heightened the probability of the truth of that charge; and his acknowledgment that it was true, and of his criminal intentions towards Mrs. Smith, were parcel of the same confession.

2. Exception is, that the facts are not sufficient to form a decree upon:

They are — That the plaintiff prosecuted a person he knew to be innocent, but whom, through his suppression of a fact, he made to appear guilty, and finally obtained an award against her and her husband (the defendants in error) for £20 1s. 7d. and a promissory note of that amount, in compliance therewith; after which, it fully appeared that she was innocent, by his own confession. The note, however, was sued, and pending the suit, relief was prayed.

The award and note, then, were unduly and unconscionably obtained; and there is as strong ground for relief as can arise from the discovery of new evidence. An award, indeed, is not hastily to be set aside for new evidence, nor so readily as a judgment at law; because arbitraments are designed summarily to finish controversies, and because the court have not the same advantage to determine how far the evidence is new or material, or how far there has been a failure of justice, with regard to awards, as with regard to judgments on trials had before themselves; and because also, in the latter case, they may reserve the consideration of the back costs till the merits of the cause shall be farther discussed upon the new trial: Yet the new evidence may be so decisive, and have been so suppressed by the adverse party, that the award, though binding at law, ought to be relieved against in equity.— In this case, it totally removes the ground on which the arbitrators must have gone, and the

equity of the award; and charges the failure of the defendants at the trial, not on their own negligence, but the unconscionable proceedings, and suppression of the truth, by the plaintiff.  There was, therefore, sufficient ground for equity to interpose. 1 Atk. 64.  And as the note was given in obedience to the award, and to secure the payment of the money awarded, to extend relief to that.

3. An exception is taken to the form of the decree, it being, that the note shall be void, etc.

A decree cannot transfer a title to real estate, because incompatible with the mode of transfer prescribed by statute, and the evidence and security of titles thereby provided for: — But there is no reason why it may not exonerate a person of a promise, or discharge him of a debt, as the granting a new trial doth of a judgment or an execution; and it will be as high evidence of the discharge, as a note can be of the contract.— Decreeing the note void, or the promisor discharged from it, is more specific relief, and more simple and certain, than to enjoin the promisee to cancel or deliver it up under a penalty; because then another suit may be necessary for the penalty, and, in case of poverty or avoidance, may be fruitless.— There is not that danger here from suffering the note to remain in the hands of the promisee as in England, where notes are negotiable.  As to the forms used in this state, they have been both ways; and either may be good, at the discretion of the court, as the particular circumstances of the case may require.  Proceedings in the English Court of Chancery have been more formal than in ours; but there the practice hath varied in point of forms, especially of latter years, in order to render the execution of their decrees more speedy and effectual.  Gilb. Court Chan. tit. Decree.

4. As to the remaining exception, that the decree doth not find the facts alleged:

It counts upon them, and a "full hearing and due consideration" of them, as the ground of the decree: And the intendment, which is always in support of judgments and decrees, must be, that the facts were proved, or admitted to be true.—We are, therefore, of opinion, that there is no error upon either of the points stated.